## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD F. MADEWELL, #77835,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-01364-JPG** |
| | ) | |
| **EMPLOYEES OF MADISON** | ) | |
| **COUNTY JAIL,** | ) | |
| **CRAIG REICHART,** | ) | |
| **and NICK BARDMIER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Richard Madewell, a pretrial detainee at Madison County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983. (*See* Docs. 1, 8, 13, and 14). In the First Amended Complaint (Docs. 13 and 14), Plaintiff claims that officers at Madison County Jail assaulted him twice and denied him medical treatment for his injuries on July 26, 2020. (Docs. 13 and 14). He seeks money damages from the defendants, dismissal of all pending criminal charges against him, and immediate release from custody.[1] (Doc. 13, p. 7; Doc. 14, p. 5).

The First Amended Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed

---

[1] The Court already denied the latter two requests because it lacks authority to dismiss Plaintiff's pending criminal charges and release him from custody under Section 1983. (Doc. 19).

in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

The following allegations are set forth in the First Amended Complaint (Docs. 13 and 14): Plaintiff complains of two officer assaults against him on July 26, 2020. (Doc. 13, pp. 5-6; Doc. 14, pp. 4-5). Around 1:00 p.m., Sergeant "Craig R" (Craig Reichart) and six other correctional officers sprayed him with mace, punched him, and kicked him in the kidneys repeatedly. The officers then denied Plaintiff medical treatment for his injuries. Around 8:00 p.m., Sergeant "Nick B" (Nick Bardmier) punched Plaintiff in the chest, kicked him in the face, and slammed his head into a wall. Plaintiff suffered a head injury, significant blood loss, and a broken nose during the second assault. He was also denied medical treatment for these injuries. When Plaintiff filed grievances to complain about the assaults, they mysteriously disappeared. His requests to speak with detectives and press charges against the officers were ignored or denied. (*Id.*).

## Discussion

Based on these allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* First Amended Complaint (Docs. 13 and 14):

**Count 1:** Defendants subjected Plaintiff to the unauthorized use of force or failed to intervene and stop its use around 1 PM on July 26, 2020, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause.

**Count 2:** Defendants denied Plaintiff necessary medical care for injuries he sustained during the first assault around 1 PM on July 26, 2020, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause.

**Count 3:** Defendants subjected Plaintiff to the unauthorized use of force or failed to intervene and stop its use around 8 PM on July 26, 2020, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause.

**Count 4**:     Defendants denied Plaintiff necessary medical care for injuries he sustained during the second assault around 8 PM on July 26, 2020, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause.

**Count 5:**     Defendants mishandled Plaintiff's grievances about the assaults that occurred on July 26, 2020, in violation of the Fourteenth Amendment Due Process Clause.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Counts 1-4

Because Plaintiff was a pretrial detainee at all times relevant to the action (Doc. 14, p. 4), his claims are governed by the Fourteenth Amendment Due Process Clause.  In order to bring an excessive force claim under the Fourteenth Amendment, a pretrial detainee need only show that the force that was purposely or knowingly used against him was also objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).  A medical claim requires a pretrial detainee to show that the defendants acted purposely, knowingly, or recklessly when they denied Plaintiff medical care and that the denial was also objectively unreasonable.  *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352-54 (7th Cir. 2018)) (articulating legal standards for excessive force and medical claims brought by pretrial detainees).  The allegations suggest that Craig Reichart and six officers knowingly and purposely applied force against Plaintiff that was objectively unreasonable around 1 PM and Nick Bardmier did the same around 8 PM on July 26, 2020.  The allegations also suggest that these officers denied Plaintiff medical treatment for his injuries in an objectively unreasonable manner. Accordingly, Counts 1 and 2 shall receive further review against Craig Reichart and the six unknown officers (C/O John Doe ##1-6), and Counts 3 and 4 shall receive further review against

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Nick Bardmier.  The Clerk's Office shall be directed to substitute "C/O John Doe 1-6" in place of "Madison County Employees" as defendants.

## Count 5

Prison grievance procedures are not constitutionally mandated and do not implicate the Fourteenth Amendment Due Process Clause per se.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  Plaintiff's allegations that his grievances were disregarded, denied, or mishandled support no claim against the defendants. Accordingly, Count 5 shall be dismissed with prejudice.

## Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1 and 2 against C/O John Doe 1-6. However, he must identify these unknown defendants with particularity before service of the First Amended Complaint can be made on them.  Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these individuals.  *Rodriguez*, 577 F.3d at 832.  Officers Reichart and Bardmier are responsible for responding to this discovery and assisting with the proper identification of the six unknown officers.  Once their names are discovered, Plaintiff must file a motion to substitute each newly-identified defendant in place of the unknown defendants.

## Pending Motions

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice, as Plaintiff has demonstrated no efforts to find counsel on his own or established that he has been effectively precluded from finding an attorney.  Before filing a new motion, he should attempt to retain counsel by contacting at least three attorneys or firms seeking representation in this matter.  He

should then attach copies of all written correspondence to/from counsel or provide a list of their names, dates of contacts, and responses along with a new motion.

The Motion for Service of Process at Government Expense (Doc. 4) is **DISMISSED** as unnecessary. The Court will order service of this lawsuit on the defendants as a matter of course because Plaintiff is indigent and proceeding *pro se* at this time.

### <u>Disposition</u>

**IT IS ORDERED** that the First Amended Complaint (Docs. 13 and 14) survives screening, as follows: **COUNTS 1** and **2** will receive further review against **CRAIG REICHART** and, once identified, **C/O JOHN DOE ##1-6**, and **COUNTS 3** and **4** will proceed against **NICK BARDMIER**.

**IT IS ORDERED** that **COUNT 5** is **DISMISSED** with prejudice for failure to state a claim, and **MADISON COUNTY EMPLOYEES** are also **DISMISSED** with prejudice.

The Clerk's Office is **DIRECTED** to **SUBSTITUTE C/O JOHN DOE ##1-6** in place of **MADISON COUNTY EMPLOYEES** as defendants in CM/ECF and **TERMINATE** the **MADISON COUNTY EMPLOYEES** as parties to this action. **<u>Because this suit addresses one or more medical claims, the Clerk of Court is also DIRECTED to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act</u>**.

The Clerk of Court shall prepare for **CRAIG REICHART, NICK BARDMIER,** and, once identified, **C/O JOHN DOE 1, C/O JOHN DOE 2, C/O JOHN DOE 3, C/O JOHN DOE 4, C/O JOHN DOE 5** and **C/O JOHN DOE 6**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Docs. 13 and 14), and this Memorandum and Order to each Defendant's place of employment. If any Defendant fails to

sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **C/O JOHN DOE ##1-6** until Plaintiff has identified these individuals by name in a properly filed motion for substitution of parties.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of these individuals, and he is **WARNED** that failure to do so may result in their dismissal from this action.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order</u>.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 4/13/2021**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**

<u>**Notice**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.