IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD F. MADEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   20-cv-1364-RJD |
| ) | |
| CRAIG REICHART, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Richard Madewell filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was detained at the Madison County Jail. Following the entry of a Scheduling Order, Defendants propounded written discovery requests on Plaintiff on October 25, 2021 (*see* Doc. 41-1). On January 5, 2022, Defendants filed a motion to compel asserting Plaintiff failed to respond to said requests (*see* Doc. 41). The undersigned granted Defendants' motion to compel and ordered Plaintiff to respond to Defendants' discovery requests by April 12, 2022 (*see* Doc. 42).

Defendants filed a motion to dismiss for lack of prosecution on April 20, 2022 asserting Plaintiff failed to follow the Court's order and provide responses to their written discovery requests (*see* Doc.44). No response to this motion was filed. On June 27, 2022, the undersigned denied two motions for recruitment of counsel that were filed by Plaintiff, and the undersigned granted Plaintiff an extension of time, until July 11, 2022, to file a response to the motion (*see* Doc. 46). On July 1, 2022, Plaintiff filed another motion for recruitment of counsel that was denied (*see* Docs. 47 and 48). Plaintiff did not file a response to Defendants' motion to dismiss;

however, he filed yet another motion to recruitment of counsel on July 29, 2022 that is now before the Court (Doc. 49).

In filing his motion for recruitment of counsel, Plaintiff followed the directives of the Court and completed the appropriate form motion. Plaintiff, however, has again failed to demonstrate his need for counsel. As stated before, when presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not met his threshold burden in attempting to recruit counsel on his own. Plaintiff failed to make any mention of the efforts he underwent to contact and find an attorney to represent him. Indeed, Plaintiff omitted any response to this prompt in his motion (which is designated as Number Two). The Court has reviewed the entirety of the docket and determined this failure was not for lack of understanding or ability. Plaintiff has demonstrated his ability to read, write, understand English, and follow the directions of the Court on more than one occasion. Thus, the undersigned finds that Plaintiff has merely chosen to ignore this question and this requirement. Because Plaintiff has failed to meet his threshold burden, his motion for recruitment of counsel (Doc. 49) is **DENIED**.

As a final note, the Court again advises Plaintiff that Defendants' motion to dismiss for lack of prosecution remains pending (Doc. 44). Plaintiff is **WARNED** that the Court will grant this motion pursuant to Local Rule 7.1(c) if a response to the substance of the motion is not filed by **October 28, 2022**. A motion for recruitment of counsel will not be considered a response to the motion.

**IT IS SO ORDERED.**

**DATED: October 14, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
