IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD F. MADEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   20-1364-RJD |
| | ) | |
| CRAIG REICHART and NICK BARDMIER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Dismiss for Want of Prosecution (Doc. 44).   For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff Richard Madewell, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit while he was a pretrial detainee at the Madison County Jail pursuant to 42 U.S.C. § 1983.   Plaintiff alleges that officers at the Jail assaulted him twice and denied him medical treatment for his injuries on July 26, 2020.   Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

    Count One:    Defendant Craig Reichart subjected Plaintiff to the unauthorized use of force or failed to intervene and stop its use around 1 PM on July 26, 2020, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause.

    Count Two:    Defendant Craig Reichart denied Plaintiff necessary medical care for injuries he sustained during the first assault that occurred around 1 PM on July 26, 2020, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause.

    Count Three:    Defendant Nick Bardmier subjected Plaintiff to the unauthorized use of force or failed to intervene and stop its use around 8 PM on

|  |  |
|---|---|
|  | July 26, 2020, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause. |
| Count Four: | Defendant Nick Bardmier denied Plaintiff necessary medical care for injuries he sustained during the second assault around 8 PM on July 26, 2020, in violation of Plaintiff's rights under the Fourteenth Amendment Due Process Clause. |

Pursuant to the Scheduling and Discovery Order entered on October 15, 2021 (Doc. 39), the parties were directed to engage in merits discovery, which was to be completed by August 15, 2022. In the motion now before the Court, Defendants explain they propounded discovery on Plaintiff on October 25, 2021 (*see* Doc. 44-1). Defendants did not receive a response to their discovery requests, and on December 6, 2021, Defendants sent Plaintiff correspondence regarding the same (*see* Doc. 44-2). On January 5, 2022, Defendants filed a motion to compel that was granted by the undersigned on March 29, 2022 (Docs. 41 and 42). In the Court's order granting the motion to compel, Plaintiff was ordered to provide his overdue discovery responses by April 12, 2022. Plaintiff was also specifically warned that his failure to do so may result in the imposition of sanctions, including dismissal of this lawsuit. In their motion now before the Court, Defendants assert no response to their discovery requests or letter has been received.

Defendants argue dismissal in this instance is warranted under Federal Rule of Civil Procedure 41(b) as Plaintiff has failed to abide by the Court's order and has failed to respond to Defendants' written discovery requests.

## Discussion

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003)

(quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Dismissal in this case is warranted under Rule 41(b). Plaintiff has failed to engage in discovery with Defendants and has failed to comply with a Court order to do so. While the Court acknowledges that Plaintiff filed three motions for recruitment of counsel since Defendants' motion was filed, the Court twice advised Plaintiff in denying these motions that he had not yet responded to the motion to dismiss and was provided additional time to respond sua sponte (*see* Docs. 46 and 50). Indeed, the undersigned's Order dated October 14, 2022 specifically warned Plaintiff that Defendants' motion to dismiss would be granted pursuant to Local Rule 7.1(c) if a response to the motion was not filed by October 28, 2022. Despite this warning, no response has been filed even though Plaintiff has had ample time and opportunity to do so. Local Rule 7.1(c) allows the Court to consider Plaintiff's failure to file a response as an admission as to the merits of

the motion, which it does.   Moreover, at this juncture, the discovery deadline passed on August 15, 2022, and dispositive motions were to be filed on September 16, 2022.   Defendants clearly cannot file a dispositive motion without Plaintiff's cooperation in discovery.   The Court is not inclined to allow this case to languish on its docket and expend additional resources, and require Defendants to do the same, if Plaintiff is not demonstrating diligence in pursuing this case.

For these reasons, Defendants' Motion to Dismiss for Want of Prosecution (Doc. 44) is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).   The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 3, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**